UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

ANNA METROSE

    Plaintiff

v.

VITAL RECOVERY SERVICES INC.

    Defendant
_____/

## COMPLAINT

### JURISDICTION and PARTIES

1.    This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et. seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.72.

2.    This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. §1692k(d).

3.    Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4.    Plaintiff, ANNA METROSE is a natural person residing at all relevant times in Palm Beach County, Florida.

5.    Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6.    Plaintiff is a consumer as defined by Fla. Stat. §559.55(2).

7.    Defendant VITAL RECOVERY SERVICES INC. ("VITAL") is a foreign profit corporation with its principle place of business in Norcross, Georgia, and is in the

business of collecting consumer debts for which it uses the mails and phone, including consumer debts in Florida.

8. Defendant VITAL is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

9. Defendant VITAL is a debt collector and/or consumer collection agency, as defined in Fla. Stat. §559.55(6) and (7) or otherwise is obligated to comply with the provisions of Fla. Stat. §559.72.

## FACTS

10. On July 6, 2012, Defendant began to collect from Plaintiff a debt which was a consumer debt as defined by 15 U.S.C. §1692a(5) and Fla. Stat. §559.55(1), by the sending of a collection or "dun" letter, a copy of which is attached hereto as Exhibit A.

11. On July 18, 2012, Plaintiff's attorneys sent to the Defendant correspondence informing Defendant that Plaintiff was represented by the law firm of Hagen & Hagen. See Exhibit B. Said letter informed the agents and/or employees of the Defendant that the Plaintiff was represented by Hagen & Hagen and furthermore requested verification of the debt pursuant to 15 U.S.C. 1692g(a). Defendant received a copy of said correspondence by fax on July 18, 2012, and by certified mail on July 23, 2012. See Exhibit C.

12. Despite having received Exhibit B, and having failed to provide any response to the request for verification of the debt contained in Exhibit B, on September 6, 2012, Defendant called the Plaintiff at Plaintiff's own phone number and left her a message that generally contained the following information and content:

> "This is a message for Anna Metrose [inaudible] please call me at 866-312-5580 if this is Anna Metrose you should continue to listen to this message Anna Metrose you should not listen to this message where people can hear it as it does contain personal and private information [inaudible] Vital Recovery Services a debt collector this communication is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me in regards to an important business matter at 866-312-5580 at extension 503, thank you."

13. On September 10, 2012, Defendant called a phone number 954 340-9037, which was not that of the Plaintiff, but was that of her daughter, at her daughter's residence. The message again stated the identical message as that in #12 above.

14. On September 15, 2012, the Defendant again contacted the Plaintiff at Plaintiff's own phone number, and left a voice message that generally contained the following information and content:

> "This is a message for Anna Metrose if we have reached the wrong number for this person please call us at 866 312 5580 to remove your phone number if you are Anna Metrose [inaudible] this message. You should not listen to this message so other people can hear it as it does contain personal and private information. This is Robert Brooks from Vital Recovery Services Incorporated. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me in regards to an important business matter at 866-312-5580 at extension 2512. Thank You."

15. Said messages and voicemails are communications as defined by 15 U.S.C. §1692a(2). See Berg v. Merchants Ass'n Collection Div., Inc. 586 F.Supp.2d 1336 (S.D. Fla. 2008).

16. Additionally, said communications were made despite the fact that the Defendant had not provided any response at all to the Plaintiff's request for verification of the debt pursuant to 15 U.S.C. 1692g(a).

17. The agents in each of the calls above were at all times working within the course, scope and authority of their employment with VITAL or otherwise shared a

common purpose or goal with VITAL, or otherwise acted at the discretion of or under the management or operation of VITAL. VITAL is responsible for the errors, actions and omissions of the individual operators named above, who were attempting to collect debts on behalf of, and for the benefit of, their principal, VITAL.

### COUNT I – VIOLATION OF THE FDCPA – 15 U.S.C. §1692c(a)(2)
### COMMUNICATION WITH A REPRESENTED CONSUMER

18. Plaintiff realleges or reavers paragraphs 1-17 as if fully set forth herein.

19. The allegations above constitute a violation of §1692c(a)(2) in that Defendant contacted and communicated with Plaintiff despite the fact that Defendant knew that Plaintiff was represented by an attorney and had knowledge of, or could easily ascertain, Plaintiff's attorney's name and address.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

### COUNT II – VIOLATION OF THE FDCPA – 15 U.S.C. §1692g(b)

20. Plaintiff realleges and reavers paragraphs 1-17 as if fully set forth herein.

21. The communications alleged above are all communications to collect a debt made by the Defendant after receipt of the Plaintiff's request for verification of the

debt, despite the fact that the Plaintiff did not provide any response to the Plaintiff's request for verification.

22. The allegations herein constitute violations of 15 U.S.C. §1692g(b).

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT III – VIOLATION OF THE FCCPA

23. Plaintiff realleges and reavers paragraphs 1-17 as if fully set forth herein.

24. Fla. Stat. 559.72(18) makes it a prohibited collection activity to:

Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

25. Pursuant to Fla. Stat. 559.77(5), "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the Federal Fair Debt Collection Practices Act."

26. The allegations above constitute violations of Section 559.72 (18).

27. Defendant's agents and employees had actual knowledge that the Plaintiff was represented by an attorney by way of their receipt of the certified correspondence

from Plaintiff's attorneys and the phone calls were made intentionally and with knowledge of the representation.

28. Additionally, the Plaintiff should be awarded additional, increased statutory damages pursuant to Fla. Stat. §559.77 given the intentional nature of the violations herein, as well as the frequency and persistence of the Defendant's noncompliance.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory and actual damages, as well as attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

## JURY TRIAL

Plaintiff hereby requests a jury trial on all matters so triable as a matter of right.

DATED this 9 day of October 2012

Respectfully Submitted by:

Jason Weaver Esq.
FBN 0392596
Jason Weaver P.A.
3531 Griffin Rd.
Ft. Lauderdale, FL 33312
(954) 987-0515/ (954) 964-3764 (fax)
jason@jasonweaverpa.com